[No. 1466.]

## SMITH v. SOPER.

1. APPELLATE PRACTICE—ASSIGNMENT OF ERROR.

An objection to a complaint on the ground that it contains no statutory prayer will not be considered on appeal where there is no assignment of error based on that objection, nor will such objection be considered when no objection was raised to the complaint in the lower court on that ground.

2. FORCIBLE ENTRY AND DETAINER—DEMAND OF POSSESSION.

In an action of forcible entry and detainer for possession of premises purchased at a foreclosure sale under a deed of trust, it was not necessary that a demand for possession should name a specific day on which the property should be surrendered.

3. FORCIBLE ENTRY AND DETAINER — VALIDITY OF TRUST DEED — ANSWER.

In an action of forcible entry and detainer for possession under a purchase at a foreclosure of a deed of trust, the defendant cannot raise the question of the validity of the trust deed under a simple answer to the action of forcible entry and detainer.

4. EVIDENCE—PROOF OF EXECUTION OF INSTRUMENT.

Where an instrument whose validity is not in issue is to be introduced in evidence, its execution may be proven by any competent evidence. It need not be proven by the subscribing witness.

5. DEED OF TRUST—SUBSCRIBING WITNESS—PROOF.

It is not necessary that a subscribing witness to a deed of trust should have subscribed at the request of the grantor in order to qualify such subscribing witness to testify to the execution of the instrument.

*Appeal from the District Court of Arapahoe County.*

Mr. WILLIAM KNAPP, for appellant.

Messrs. BENEDICT & PHELPS and Mr. HORACE PHELPS, for appellee.

BISSELL, J.

The appellee Soper acquired title to some property in Avondale in Arapahoe county, in 1890, by the foreclosure

of a trust deed which had been theretofore given by the appellant Smith. After the foreclosure a proceeding by way of forcible entry and detainer was begun to secure possession. A notice was served, and on failure of the defendant to surrender, a complaint was filed before a justice setting up the facts entitling the purchaser to possession. The defendant answered by a pleading which attempted to controvert the title, and the case was thereupon transferred to the district court where a trial was had and the plaintiff had judgment of ouster. From this the defendant appealed. Many propositions are presented, but few of them are of much significance or importance or sufficiently well laid to entitle the appellant to a reversal. There will be no attempt to state all the propositions relied on in the briefs, or express the reasons on which they have been held insufficient. It will be enough to state the case generally and the principal points on which the case turns.

There is an attempt to attack the complaint because of the lack of a statutory prayer. This position is not well taken because there is no assignment of error based on it, and further than that, since there was a trial and the complaint was not attacked by demurrer, nor the point raised below, it is not now available even though we should concede it to be well laid. This we do not admit because when the complaint is considered as a whole and its prayer as an entirety, we think it substantially complies with the statute.

During the progress of the trial the plaintiff introduced the deed of the trustee made after the sale to show title, the notice which was served on the defendant, and likewise the original trust deed executed by the appellant whereon and under the authority of which the sale was had. It is now contended that the notice was inadequate because it failed to name a specific day on which the property should be surrendered. This is purely technical, and cannot be supported because it was sufficient in its terms, completely described the property and the title of the purchaser, and demanded that the property should be surrendered at or before the

expiration of ten days to either one of two individuals who were named in it. It was sufficient. That it did not specify the exact day on which the property should be given up in no manner destroyed its force, effect and adequacy. If it had, this would be entirely overcome by the answer wherein the appellant set up that she had refused and still refused to surrender possession, and that she proposed to keep it.

The appellant's principal argument has been based on the theory that the original trust deed was improperly introduced in evidence. The deed was offered and an objection was made that the certificate of the notary was insufficient to prove it, and thereupon there was an attempt to make proof of its execution by the evidence of one of the witnesses who subscribed it and also by evidence to show the circumstances of its execution by persons who were there at the time, supplemented by proof to the point that the other subscribing witness was out of the jurisdiction of the court. A reversal is asked because the deed was not properly proven according to the rules of evidence regarding proof of instruments by subscribing witnesses. We do not think the position well taken. We do not intend to pursue the argument to demonstrate the sufficiency of the certificate of the notary, nor to pass on the questions which the appellant has raised with reference to the powers, duties, and authority of the notary before and after the making of a record of his appointment in the county clerk's office, nor as to his power to correct a faulty certificate after a deed has been recorded. These questions we do not regard as in the case because it can be disposed of on another theory. If it was incumbent on the plaintiff to produce the trust deed he sufficiently proved its execution and was entitled to produce it as a part of his chain of title. It will be remembered that the case did not turn on any question respecting the validity of the instrument. This was not a matter in issue. The suit was one of forcible entry and detainer to recover possession on an apparent title derived through a trustee's sale and a deed thereunder. This made out a *prima facie* case supporting the right to posses-

sion. If the defendant desired to dispute the validity of the deed and attack the authority of the trustee she must take some other steps than that of a simple answer in an action of forcible entry and detainer. The jurisdiction to determine those questions must be made in some other forum than that ·of a justice of the peace, and by some other pleading than one presented in such a suit. A still stronger answer than all that, is that it is wholly unimportant whether the execution of the trust deed was proven by the subscribing witness at all or not. Where the validity of the instrument is not in issue, but the instrument itself is to be offered in evidence, its execution may be proven by any competent evidence. This is one of the exceptions to the rule which requires the production of subcribing witnesses in order to make sufficient proof. 1 Greenleaf on Evidence, section 573 *b*.

It is also true that the deed was proven by one who witnesses the mark of the grantor and the absence of the other witness was accounted for and the handwriting proven. In almost any case this would be ample proof of execution by subscribing witnesses. The argument which the appellant makes that a request is necessary is not the law. There are cases where this rule has been expressed, but they were cases of a peculiar character where the circumstances were such as to warrant perhaps this conclusion. The general rule is otherwise. It is enough to make the person a subscribing witness if he be present when the instrument is executed and subscribes his name as a witness with the assent of the party who executes it. 1 Greenleaf on Evidence, section 569 *a*.

The stress which has been laid on the necessity for a request totally disappears in the light of this authority. The proof showed that the parties were at the grantor's house for the purpose of procuring the execution of the note and of the trust deed to secure it; that the trust deed was executed by the grantor and witnessed by the parties who were present with her assent and without objection. That she failed specifically and absolutely to request it, is wholly unimportant. Aside from all these considerations, however, the antecedent

principle abundantly settles the question adversely to the appellant. This review of the case seems to determine the principal propositions which the appellant has urged on our attention, but in any event we regard them as decisive of the appeal and therein find sufficient reasons for the affirmance of the judgment which is accordingly ordered.

*Affirmed.*